```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| COLEEN L. POWERS, et al., | ◊ | |
| | ◊ | |
| Plaintiffs, | ◊ | |
| | ◊ | |
| vs. | ◊ | No. 05-2468-B/P |
| | ◊ | |
| NWA, INC., et al., | ◊ | |
| | ◊ | |
| Defendants. | ◊ | |
| | ◊ | |

ORDER DISMISSING COMPLAINT WITH RESPECT TO
JAMES G. BLODGETT, JR.
ORDER DENYING CLASS CERTIFICATION
ORDER DENYING APPOINTMENT OF COUNSEL
AND
ORDER TO FILE AN AMENDED COMPLAINT

Plaintiff Coleen L. Powers, a resident of Shelby County, Tennessee, filed a *pro* *se* complaint, entitled "Consolidated Complaint of Illegal Employment Discrimination & Notice of Removal to Federal Court," on June 30, 2005. Powers paid the civil filing fee. The Clerk shall record the defendants as NWA, Inc.; Pinnacle Airlines, Inc. d/b/a NWA Airlink; Pinnacle Airlines Corporation; Pinnacle Airlines Corporation of Tennessee; Phil Reed; Phil Trenary; Theodore Davies; Alice Pennington; an entity identified only as NWAC; NWA Incorporated;[1] Doug Hall; an entity identified as DLA Piper Rudnick, Gray Cary US LLP; PACE International Union; Teresa Brents; James N. Hendricks; Pollution Control Industries

---

[1] It is not clear whether this defendant is the same as the first-named defendant, NWA, Inc.

("PCI") of Tennessee, LLC; PCI, Inc.; John M. Newell; Weinburg Richmond LLP; Lawrence Karlin; the Winchester Law Firm; Mark Grai; Steve Hoffman; the United States Department of Labor, Occupational Safety and Health Administration ("OSHA"), Region 4; United States Department of Labor, Office of Administrative Law Judges ("OALJ"); United States Department of Labor, Administrative Review Board ("ARB"); Dennis Russell; Michael Moon; Cindy Coe-Laseter; Elaine Chao, the Secretary of the United States Department of Labor; Tennessee Attorney General Paul Summers; Brandy Gagliano; Office of the Tennessee Secretary of State, Administrative Procedures Division ("APD"); Charles C. Sullivan, II; the Office of the General Counsel, Tennessee Department of Environment and Conservation ("TDEC"); Kim L. Kirk; Tennessee Department of Labor and Workforce Development, Board of Review ("TDLWFD, BOR"); Suzanne J. Stamps; Michael E. Magill, a former Commissioner of the TDLWFD; Mesaba Airlines d/b/a NWA Airlink; Mesaba Holdings, Inc.; Waller Lansden Dortch and Davis, LLP; Edward M. Callaway; Michael David Gaines; Milton H. Hamilton; and Kim Monroe.[2]

The first issue to be considered is the identity of the plaintiff to this action. The complaint purports to be brought by "Coleen L. Powers, and others similarly situated; James G. Blodgett, Jr[.]; et al[.]," who are described as "Former State Employees and/or Crewmembers." The complaint is signed only by Coleen L. Powers.

---

[2] Although the complaint uses the designation "et al." in its listing of defendants, the Court will not speculate as to the identity of any other individual or entity the plaintiff intends to sue.

A party in federal court must proceed either through licensed counsel or on her own behalf. See 28 U.S.C. § 1654; see also Fed. R. Civ. P. 11(a) ("[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party"). No pro se plaintiff may sign pleadings on behalf of another plaintiff. Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'"); Mikeska v. Collins, 928 F.2d 126 (5th Cir. 1991); Bonacci v. Kindt, 868 F.2d 1442, 1443 (5th Cir. 1989). Accordingly, Powers cannot represent James G. Blodgett, Jr. in this action. To the extent plaintiff Blodgett intends to prosecute a lawsuit against one or more of the named defendants, a fact that cannot be determined from the documents submitted to date, he must file his own civil action.[3] The Clerk is, therefore, ORDERED to remove James G. Blodgett, Jr. as a party to this action.

The next matter to be considered is whether plaintiff Powers may prosecute this case as a class action. Just as a pro se plaintiff cannot represent another named individual, a pro se plaintiff cannot prosecute a class action. A pro se litigant is not

---

[3] The complaint does not list Blodgett's address and telephone number, and it does not state whether he resides in this district. The only factual allegations in the complaint concerning Blodgett state that he was terminated by the TDEC in 2001. Compl., ¶¶ 96-97. Blodgett is cautioned that he will not satisfy this order by commencing a new action using a copy of the existing complaint in this action, as that complaint fails to comply with Fed. R. Civ. P. 8(a).

3

an adequate class representative. Palasty v. Hawk, 15 Fed. Appx. 197, 200 (6th Cir. June 20, 2001) ("In this case no representative party was available because pro se prisoners are not able to represent fairly the class."); Ballard v. Campbell, No. 98-6156, 1999 WL 777435, at *1 (6th Cir. Sept. 21, 1999); Giorgio v. Tennessee Dep't of Human Servs., No. 95-6327, 1996 WL 447656, at *1 (6th Cir. Aug. 7, 1996) ("Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se litigant."); see also Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam). The plaintiff is not a licensed attorney, cannot carry insurance, and is not subject to suit by the other class members for any mistakes she may make in handling this case. Other potential class members should not be exposed to the risk that those errors could prejudice their claims and leave them without any remedy. Finally, although Powers filed a motion seeking appointment of counsel on June 30, 2005, it is not an appropriate use of the limited resources available through the pro bono panel to appoint counsel to handle a potential class action. The request to prosecute the case as a class action, or otherwise on behalf of other similarly situated individuals, is DENIED. The Clerk is ORDERED to correct the docket to reflect that Coleen L. Powers is the only plaintiff in this action.

The next matter to be considered is whether counsel should be appointed to represent Powers individually. Although

4

Powers paid the civil filing fee, she also submitted a declaration attesting to her indigence. "There is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Pursuant to 28 U.S.C. § 1915(d), a district court is vested with discretion to appoint an attorney to represent an indigent party in a civil case. McMath v. Alexander, 486 F. Supp. 156, 157 (M.D. Tenn. 1980). No funds have been appropriated to pay the fees of any appointed counsel, however, and "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 310 (1989). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and his ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174

(2d Cir. 1989).[4] At this stage of the proceedings, before the Court has had the opportunity to assess the strength of plaintiff's case, the Court is unable to conclude that plaintiff has satisfied that standard. Moreover, the sheer number of parties to this action, coupled with the pleading deficiencies of the complaint, which will be addressed <u>infra</u>, render it impossible for the Court to assess the merits of the case at the present time. Similarly, those factors render it extremely unlikely that an attorney could be persuaded to accept the case on a <u>pro bono</u> basis. Accordingly, the motion for appointment of counsel is DENIED.

According to the Sixth Circuit, "a district court may not <u>sua sponte</u> dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." <u>Apple v. Glenn</u>, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam); <u>see also</u> <u>Benson v. O'Brian</u>, 179 F.3d 1014 (6th Cir. 1999); <u>Tingler v. Marshall</u>, 716 F.2d 1109, 1112 (6th Cir. 1983). There is an exception to this general rule, however, that permits a district court to dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit,

---

[4] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." <u>Id.</u>

6

or no longer open to discussion." Apple, 183 F.3d at 478 (citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).

The complaint in this action fails to comply with the Federal Rules of Civil Procedure. In particular, Fed. R. Civ. P. 8(a) requires "[a] pleading which sets forth a claim for relief" to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends" and "(2) a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint in this action does not satisfy either provision.

Plaintiff's complaint does not adequately allege the grounds upon which this Court's jurisdiction depends, as required by Fed. R. Civ. P. 8(a)(1). The complaint purports to be brought pursuant to 29 C.F.R. § 1980.114(a). Part 1980 of 29 C.F.R.

> implements procedures under section 806 of the Corporate and Criminal Fraud Accountability Act of 2002, Title VIII of the Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley" or "Act"), enacted into law July 30, 2002. Sarbanes-Oxley provides for employee protection from discrimination by companies and representatives of companies because the employee has engaged in protected activity pertaining to a violation or alleged violation of 18 U.S.C. 1341, 1343, 1344, or 1348, or any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders.

29 C.F.R. § 1980.100(a) (2004). The regulations were implemented pursuant to 18 U.S.C. § 1514A, which provides a cause of action for employees of publicly traded companies who have been retaliated against for acting as "whistleblowers" with respect to certain types of fraud.

7

Pursuant to 29 C.F.R. § 1980.103(a), an employee may file a complaint of discrimination against her employer or a company representative. In this case, the plaintiff's complaint does not identify her employer and does not identify any company representative who is alleged to have retaliated against her for her whistleblowing activities.[5] The Court is, therefore, unable to ascertain which of the forty-five (45) parties to this lawsuit have been sued pursuant to 18 U.S.C. § 1514A. The Court is also unable to evaluate the nature of the plaintiff's claim pursuant to 29 C.F.R. § 1980.114(a).

Moreover, it is readily apparent that plaintiff's claims are not limited to a violation of 18 U.S.C. § 1514A. Instead, the complaint purports to assert seventeen counts (Compl., ¶¶ 110-127), without specifying which of the numerous defendants is sued in each count. Moreover, apart from count one, which purports to arise under 29 C.F.R. Parts 24, 1979, and 1980, it is not clear whether any of the other counts arise under federal law and, therefore, whether they provide a basis for federal subject-matter jurisdiction.

It is also unclear how many of the plaintiff's factual allegations, with their scattered references to federal law, have any bearing on the claims asserted in this action. Thus, for example, the complaint alleges, vaguely, that the plaintiff filed

---

[5] Exhibit B to the complaint refers to publicly available documents concerning the complaint plaintiff filed with OSHA on December 27, 2004 pursuant to 29 C.F.R. § 1980.103. Plaintiff has not attached a copy of that complaint. It is not clear whether this complaint is among those the plaintiff purports to "remove" to federal court. Compl., § 4.

administrative complaints for "appearances of illegal insider trading, violations of the Fair Labor Standards Act, violations of the FAA federal aviation regulations, {FARS} [sic], violations of US DOT TSA Security directives, and violations of the EPA environmental statutes." Compl., ¶ 5. Likewise, the complaint refers to

> claimed concerns and illegal retaliation by named persons on Plaintiffs [sic] concerns and complaints made on the appearances of labor racketeering among the airline industry, PACE International Union, and Pollution Control Industries [PCI]. {Taft-Hartley Act / LMDRA} [sic]. [The plaintiff's administrative complaints] also contained allegations of collusion, conspiracy, and co-conspiracy to commit acts that are illegal and in furtherance of financial harm, defamation, and intentional emotional duress to Plaintiff/Crewmember Powers for these protected activities.

Id.; see also, e.g., id., ¶¶ 25, 35, 44, 46, 57, 58, 60, 61, 63, 64, 65, 91, 101, 104. The procedural discussion in the complaint does not make clear which of these administrative proceedings are at issue in this action. See id., ¶ 4. Likewise, although the complaint expresses the plaintiff's desire to "remand" certain actions that are pending in the United States Court of Appeals for the Sixth Circuit, docket numbers 04-4441 and 05-3266, for a consolidated hearing, id., ¶¶ 16, 72, those cases did not originate in this district and the plaintiff has not cited any basis for the assumption of subject-matter jurisdiction over them.

      Likewise, the complaint in this case does not comply with Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The factual narrative in this thirty-nine (39) page, one

hundred thirty-three (133) paragraph complaint is incomprehensible. As a preliminary matter, the factual allegations, which encompass approximately a six-year period, are not arranged chronologically. Moreover, the complaint mingles allegations concerning the plaintiff's wide-ranging complaints about illegal actions allegedly performed during the plaintiff's employment as a crewmember with one or more of the airline defendants, with seemingly unrelated claims concerning the plaintiff's prior employment as a hazardous waste inspector/investigator with the Tennessee Department of Environment and Conservation ("TDEC"), which was terminated in 2001. The complaint attempts to find some linkage between the plaintiff's termination from the TDEC and her subsequent termination from whichever airline employed her. Compl., ¶¶ 66, 68. Likewise, it appears that the plaintiff is attempting, somehow, to connect the airline defendants to alleged whistleblowing activity in the plaintiff's employment with the TDEC, id., ¶¶ 77-81, but it is not clear what these allegations have to do with any claim asserted by this plaintiff.

The complaint, as drafted, presents this Court with a management problem since "the pleading is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." <u>Harrell v. Directors of Bur. of Narcotics & Dangerous Drugs</u>, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); <u>see also</u> <u>Flayter v. Wisconsin Dep't of Corrections</u>, 16 Fed. Appx. 507, 509 (7th Cir. Aug. 17, 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); <u>Vicom v.</u>

Harbridge Merchant Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a); noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); Plymale v. Freeman, No. 90-2202, 1991 WL 54882 (6th Cir. Apr. 12, 1991); Jennings v. Emry, 910 F.2d 1434, 1435 (7th Cir. 1990) ("A . . . complaint must be presented with intelligibility sufficient 'for a court or opposing party to understand whether a valid claim is presented and if so what it is.' . . . And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding.") (citations omitted); Salahuddin v. Cuomo, 861 F.2d 40 (2d Cir. 1988); Michaelis v. Nebraska State Bar Ass'n, 717 F.2d 437, 438-39 (8th Cir. 1983) (per curiam); Gordon v. Green, 602 F.2d 743 (5th Cir. 1979); Windsor v. A Federal Executive Agency, 614 F. Supp. 1255 (M.D. Tenn. 1983) (ordering plaintiff to amend his complaint to comply with Rule 8).

Accordingly, the plaintiff is ORDERED, within thirty (30) days of the date of entry of this order, to submit an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. The amendment must be typed or hand printed on 8½ by 11 inch paper, one side to a sheet. The plaintiff must personally sign the amendment. Apart from the deficiencies that are addressed supra, the amendment must, at a minimum, identify each

11

administrative proceeding that is being "removed" to federal court, including the subject-matter of each such proceeding and the parties involved. With respect to each additional claim asserted, the amended complaint must (I) identify the basis for federal jurisdiction; (ii) state the parties who are sued; (iii) identify any state or federal statute under which the claim arises; and (iv) provide a short and plain statement of the factual basis for the claim.

A failure to timely file an amended complaint in response to this order will result in the dismissal of the complaint in its entirety and without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS SO ORDERED this 23rd day of February, 2006.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE