IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

COLEEN L. POWERS,

      Plaintiff,

vs.                                                 No. 05-2468-B/P

NWA, INC., et al.,

      Defendants.

_____

SECOND ORDER CONCERNING THE STATUS OF JAMES G. BLODGETT, JR.
AS A PARTY TO THIS ACTION
AND
ORDER CONCERNING THE FILING OF REPETITIVE MOTIONS

_____

        The Court issued an order on February 23, 2006 that, inter alia, declared that Coleen L. Powers is the sole plaintiff in this action and terminated James Blodgett, who was named as a plaintiff on the case caption but who did not sign the complaint. The February 23, 2006 order also stated that, "[t]o the extent plaintiff Blodgett intends to prosecute an action against one or more of the named defendants, a fact that cannot be determined from the documents submitted to date, he must file his own civil action." 02/23/06 Order at 3. The order also stated, in a footnote, that "Blodgett is cautioned that he will not satisfy this order by commencing a new action using a copy of the existing complaint in this action, as that complaint fails to comply with Fed. R. Civ. P. 8(a)." Id. at 3 n.3.

On March 23, 2006, plaintiff and Blodgett filed two documents. The first, entitled "Plaintiffs' <u>Joint Notice of Filing</u> Amended Signature Page to June 30, 2005 Complaint & Notice of Plaintiffs' Power of Attorney Agreement" (Docket Entry 21, hereinafter "D.E.___") presents what purports to be a power of attorney authorizing Powers to sign documents submitted in this case on Blodgett's behalf. The second document, entitled "Pro Se Plaintiff James G. Blodgett Jr.'s Rule 60 Motion & Accompanying Memorandum in Support Thereof to Vacate this Court's Feb. 23, 2006 Order, *In Part*, and For Entry of Order Granting this Relief; Pro Se Plaintiff Powers and Blodgett's <u>Joint Motion</u> for <u>Enlargement of Time</u> to Try to Comply with the Court's February 23, 2006 Order" (D.E. 22), that seeks reconsideration of that portion of the February 23, 2006 order that terminates Blodgett as a party to this action. Finally, on March 29, 2006, plaintiff and Blodgett filed another document, entitled "Plaintiffs [sic] Joint Concerns, Exceptions Taken, & Supplemental Detailed Objections to this Court's Erroneous Orders Filed March 09, 2006 & February 23, 2006 and Plaintiffs' Joint Rule 60 Motion to Vacate and/or Reconsider These Orders and for Entry of Order that Grants this Requested Relief" (D.E. 35), that, <u>inter alia</u>, contains additional objections to that portion of the February 23, 2006 order that removed Blodgett as a party to this action.[1]

---

[1] The documents filed as D.E. 22 and 35 also raise numerous additional issues that, as they pertain to plaintiff and not to Blodgett, will be addressed in a separate order.

2

Although the amended signature page to the original complaint provides evidence that Blodgett authorized the commencement of this action and endorses the contents of the complaint, as required by Fed. R. Civ. P. 11(a), Powers still cannot sign papers filed in this action even though Blodgett has executed a power of attorney. Any document signed by Powers on behalf of Blodgett does not comply with Fed. R. Civ. P. 11(a), which requires papers to be personally signed by parties. Likewise, pursuant to 28 U.S.C. § 1654, Powers, a nonlawyer, cannot sign papers on behalf of Blodgett. See Garrison v. Fleet Fin., Inc., No. 97-6422, 1999 WL 282626, at *1 (6th Cir. Apr. 30, 1999) (holding that "[t]he signing and filing of a notice of appeal on behalf of another by a person who is not a qualified attorney is ineffective to vest an appellate court with jurisdiction"); Cochran v. Nelson, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994); Peak v. Smith, No. 91-5902, 1992 WL 60194, at *1 (6th Cir. Mar. 27, 1992) ("As an initial matter, we recognize this appeal as brought only by plaintiffs Peak and Crowhorn as they were the only parties to sign the notice of appeal. As plaintiff Duncan failed to sign the notice of appeal, he failed to effectuate an appeal. . . . In addition, Peak and Crowhorn are not permitted to plead or conduct the case for others because they are not attorneys. See 28 U.S.C. § 1654. Therefore, the only plaintiffs before this court as appellants are Peak and Crowhorn.") (citations omitted); see also Cavanaugh ex rel. Cavanaugh v. Cardinal Local School Dist., 409 F.3d 753, 755 (6th Cir. 2005) ("Because, by definition, pro se means to appear on

one's own behalf, a person may not appear pro se on another person's behalf in the other's cause of action."); Shepherd v. Wellman, 313 F.3d 963, 970-71 (6th Cir. 2003). This conclusion is not altered by the fact that Blodgett executed a power of attorney authorizing Powers to sign documents as his "attorney in fact." J.M. Huber Corp. v. Roberts, No. 88-6160, 1989 WL 16866, at *1 (6th Cir. Feb. 17, 1989); see also Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) (affirming dismissal of complaint with prejudice that was filed pursuant to a general power of attorney); Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978). Accordingly, Blodgett's motion seeking reconsideration of that portion of the February 23, 2006 order that precludes Powers from signing pleadings and other papers on behalf of Blodgett is DENIED.[2]

Even if Blodgett were personally to sign each and every document filed by him, the Court still would not permit him to continue as a party to this lawsuit for two reasons. First, the sheer number of claims asserted by plaintiff Powers against forty-five (45) separate defendants, makes it impossible to isolate the claims asserted by Blodgett and to address them on the merits. In the original complaint, Blodgett is mentioned in only six of the one hundred eight (108) substantive paragraphs. His claims appear

---

[2] Although Blodgett submitted an amended signature page to the original complaint, he did not personally sign other documents submitted on his behalf, including two of the motions addressed in this order. See D.E. 21 (p. 5) & 29 (p. 19). The Court will, for the purposes of expediency and in this one instance only, exercise its discretion to consider the matters set forth in D.E. 21, including the power of attorney, notwithstanding Blodgett's failure to comply with Fed. R. Civ. P. 11(a) and 28 U.S.C. § 1654.

to arise out of his termination by the Tennessee Department of Environment and Conservation ("TDEC") in 2001. Compl., ¶¶ 96-97. Unlike Powers, Blodgett was apparently not employed by any of the airline defendants. The complaint also refers, vaguely, to statements Powers and/or Blodgett made to federal investigators about public corruption in Tennessee, id., ¶ 92, unspecified retaliation against Blodgett for those statements by unidentified persons, id., ¶ 93, actions taken in an unidentified administrative or judicial proceeding that were adverse to Blodgett, id., ¶ 94, and the existence of some unspecified state-court actions, currently on appeal, to which plaintiff and Blodgett are parties, id., ¶ 95. These allegations, considered separately or in combination, are insufficient to satisfy Fed. R. Civ. P. 8(a)(1) & (2), because it is not clear (i) which persons Blodgett intends to sue; (ii) the basis for federal subject-matter jurisdiction over his claims; (iii) the factual basis for his claims; and (iv) the specific claims Blodgett seeks to assert against each defendant. Even if Blodgett were to file an amended complaint that cured those deficiencies, the Court will require that it be filed as a separate civil action.

Second, the Court has serious concerns about the apparent unauthorized practice of law by plaintiff Powers. The "practice of law" is defined by statute as "the appearance as an advocate in a representational capacity or the drawing of papers, pleadings or documents or the performance of an any act in such capacity in connection with proceedings pending or prospective before any

5

court." Tenn. Code Ann. § 23-3-101(2) (Supp. 2005) (emphasis added). The acts included in the statutory definition constitute the unauthorized practice of law if performed by a nonlawyer "only if the doing of those acts requires 'the professional judgment of a lawyer.'" In re Pet. of Burson, 909 S.W.2d 768, 776 (Tenn. 1995); see also Fifteenth Judicial Dist. Unified Bar Ass'n v. Glasgow, No. M1996-00020-COA-R3-CV, 1999 WL 1128847, at *3 (Tenn. Ct. App. Dec. 10, 1999). "The preparation and filing of a complaint requires 'the professional judgment of a lawyer,' and is, therefore, the practice of law." Old Hickory Eng'g & Mach. Co. v. Henry, 937 S.W.2d 782, 786 (Tenn. 1996); see also Glasgow, 1999 WL 1128847, at *4 ("We do not construe the Court's use of the conjunction 'and' in the phrase 'preparation and filing' to mean that persons who prepare complaints but do not file them are not engaging in the practice of law."). In light of the facts that the only allegations about Blodgett appear in six paragraphs toward the end of a thirty-nine page complaint, that Blodgett lives in a distant state, and that he did not provide a mailing address in the original complaint, it seems likely that the complaint and other documents submitted in this action were prepared by Powers.[3]

"The practice of law by untrained persons endangers the public's personal and property rights, as well as the orderly

---

[3] The unauthorized practice of law is a crime in the State of Tennessee. Tenn. Code Ann. § 23-3-103(b) (Supp. 2005). The Court has not made any factual findings that Powers has committed a crime. No such conclusion could be drawn without an evidentiary hearing, which is unnecessary in this case both because the issue can be resolved through severance and because of potential Fifth Amendment implications to Powers in the event the matter becomes the subject of a civil or criminal investigation.

administration of the judicial system." Glasgow, 1999 WL 1128847, at *6 (citing Barr Ass'n of Tenn., Inc. v. Union Planters Title Guar. Co., 46 Tenn. App. 100, 125-26, 326 S.W.2d 767, 779 (1959)). The purpose of regulations governing the unauthorized practice of law is "to 'serve the public right to protection against unlearned and unskilled advice.'" In re Pet. of Burson, 909 S.W.2d at 777. In order to alleviate this concern, the Court concludes it would not be appropriate to permit Blodgett to prosecute this action jointly with Powers.

Accordingly, Blodgett's motion for reconsideration of that portion of the February 23, 2006 order that dismisses the complaint with respect to him and directs him to assert any claims he may have in a new civil action is DENIED.

As Blodgett has submitted a new signature page for the original complaint, it is appropriate to clarify the order concerning Blodgett's status. Pursuant to Fed. R. Civ. P. 11(a), "[a]n unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Blodgett cured his original failure to sign the complaint and, therefore, he cannot be stricken as a party pursuant to Fed. R. Civ. P. 11(a). However, as previously noted, see supra pp. 4-5, the complaint submitted on behalf of Blodgett does not comply with Fed. R. Civ. P. 8(a)(1) & (2). It also is inappropriate for Blodgett to prosecute his claims in a single action with Powers. Accordingly, the Court SEVERS Blodgett's claims from those of Powers, pursuant to Fed. R. Civ. P. 21. In the event

7

Blodgett desires to pursue his individual claims against one or more of the defendants named in the original complaint, he must file a new complaint and pay a new civil filing fee. In order for Blodgett's claims to relate back to the date of filing of the original complaint, he must commence a new civil action within thirty (30) days of the date of entry of this order.[4]

Finally, it is necessary to briefly address the compliance with the Court's Local Rules by plaintiff and Blodgett. Blodgett and Powers have submitted three separate documents seeking reconsideration of the February 23, 2006 order concerning Blodgett, and two motions (D.E. 22 & 35) are, largely, redundant. Powers and Blodgett are CAUTIONED that the submission of duplicative motions is not conducive to the efficient use of judicial resources, and they are directed to CEASE and DESIST from that practice. From this day forward, Powers and Blodgett may submit only _one_ memorandum in support of any motion. Pursuant to Local Rule 7.2(e), that memorandum may not exceed twenty (20) pages in length.

The Clerk is ORDERED to mail Blodgett a copy of this order at the following address:

> P.O. Box 4053
> Tumwater, WA 98501

---

[4] Effective April 6, 2006, the civil filing fee will increase to $350. If Blodgett commences a new civil action within thirty days against one or more of the defendants named in the original complaint, he may pay the $250 filing fee applicable when the original complaint was filed.

The Clerk shall make a notation on the docket indicating the mailing to Blodgett.

IT IS SO ORDERED this 7th day of April, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE