IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|  |  |  |
|---|---|---|
| COLEEN L. POWERS, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| vs. | ◊ | No. 05-2468-B/P |
| | ◊ | |
| NWA, INC., et al., | ◊ | |
| | ◊ | |
| Defendants. | ◊ | |
| | ◊ | |

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

The Court issued an order on February 23, 2006 that, inter alia, declared that Coleen L. Powers is the sole plaintiff in this action; advised Powers that, as a pro se litigant, she cannot prosecute this action as a class action; denied appointment of counsel; and directed Powers to file an amended complaint, within thirty days, that complies with Fed. R. Civ. P. 8(a)(1) & (2). Specifically, the order provided that,

> [a]part from the deficiencies that are addressed supra, the amendment must, at a minimum, identify each administrative proceeding that is being "removed" to federal court, including the subject-matter of each such proceeding and the parties involved. With respect to each additional claim asserted, the amended complaint must (I) identify the basis for federal jurisdiction; (ii) state the parties who are sued; (iii) identify any state or federal statute under which the claim arises; and (iv) provide a short and plain statement of the factual basis for the claim.

02/23/06 Order at 11-12.

On March 8, 2006, plaintiff filed a motion (D.E. 18), entitled "Plaintiffs [sic] Motion for Court to Appoint Class Counsel in this Action and Plaintiffs [sic] Partial Objections and Concerns to this Courts [sic] Erroneous Order Filed on or About February 23, 2006, Received on or About February 26, 2006 by Plaintiff Powers & Motion for Reconsideration to Certify this Cause as a Class Action and for Entry of Modified and/or Amended Order." This Court issued an order on March 9, 2006 that denied the motion for reconsideration of the denial of appointed counsel and advised plaintiff that, "as the plaintiff cannot maintain a pro se class action, no useful purpose would be served by renewal of a motion for class certification until, and unless, the plaintiff retains counsel." 03/09/06 Order (D.E. 20), at 2.

Plaintiff filed two additional motions on March 23, 2006 (D.E.'s 21 & 22), and the Court issued orders addressing those motions on April 7, 2006. Pursuant to one such order (D.E. 46 at 3), plaintiff was afforded an extension of time, until the close of business on April 27, 2006, to submit her amended complaint. In another order (D.E. 47 at 8), plaintiff was directed to cease and desist from the filing of redundant motions.

In her motion filed on March 29, 2006, the plaintiff sets forth, in a rather disjointed form, her comments on the orders issued on February 23, 2006 and March 9, 2006, as well as other

2

matters not relevant to a motion seeking reconsideration of those orders.[1]

First, plaintiff moves, "[p]ursuant to Fed. R. Civ. P., rules 7, 11, and 60(b),"[2] to vacate the February 23, 2006 and March 9, 2006 orders, allow plaintiff to proceed on the original complaint, and provide her one hundred twenty (120) days to effect service on the defendants. Mot., ¶ 2.[3] The motion to vacate the orders issued on February 23, 2006 and March 9, 2006 is DENIED. In the event plaintiff files an amended complaint that complies with the Federal Rules of Civil Procedure and that asserts claims over which this Court has subject-matter jurisdiction, plaintiff will be afforded an appropriate time to serve the defendants. See Local Rule 83.7(a)(2).[4]

Next, plaintiff complains about the length of time the case has been pending without an order directing the Clerk to issue summonses. Mot., ¶¶ 3-6. This delay is attributable to the fact that the plaintiff's complaint, as submitted, is incomprehensible, making it impossible to ascertain the nature of the claims asserted

---

[1]     Although plaintiff purports to bring this motion pursuant to Fed. R. Civ. P. 46, that rule, which concerns the taking of formal exception to rulings of the Court at trial, has no applicability here.

[2]     None of these provisions is applicable here, and particularly not Fed. R. Civ. P. 60(b), which applies only after a final judgment has been entered. See Fed. R. Civ. P. 54(a).

[3]     Plaintiff's request to restore James G. Blodgett, Jr. as a party to this action, was denied in an order issued on April 7, 2006 (D.E. 47). That order is final and will not be revisited.

[4]     Although civil litigants ordinarily have 120 days to effect service on the defendants, Fed. R. Civ. P. 4(m), in this case there is good cause for the delay as the Court has not authorized the Clerk to issue summonses to the plaintiff.

against each of the forty-five (45) named defendants and to conclude that the Court has subject-matter jurisdiction over each claim.[5] Because the plaintiff will be given adequate time to serve any defendants that remain, she will not be prejudiced by the delay.[6]

The plaintiff's request for oral argument on this motion, Mot., ¶ 10, is DENIED. The sufficiency of the pleading submitted by the plaintiff, and the application for appointed counsel, would not be aided by oral argument.

Next, plaintiff asserts that the denial of class action status was premature. Mot., ¶ 13(4). The Court's orders make clear that the denial of class action status was solely due to the fact that the plaintiff is proceeding pro se. See, e.g., 03/09/06 Order (D.E. 20) at 2 ("[A]s the plaintiff cannot maintain a pro se class action, no useful purpose would be served by renewal of a motion for class certification until, and unless, the plaintiff retains counsel"). The Court is aware that Powers is not a prisoner.

---

[5]     Plaintiff's suggestion that the Court review all the documents submitted, including the almost 3000 pages of paper from other proceedings submitted since the entry of the February 23, 2006 order, Mot., ¶ 4, is DENIED. The plaintiff's claims must be asserted in her complaint. Fed. R. Civ. P. 7(a), 8(a). The various documents submitted by the plaintiff are not pleadings. Fed. R. Civ. P. 7(a). Although a plaintiff may submit exhibits to her pleading, Fed. R. Civ. P. 10(c), the various documents were not submitted as exhibits to the complaint. Moreover, in light of the volume of paper submitted by the plaintiff, no exhibit will be deemed to be part of the complaint unless specifically incorporated by docket number ("D.E.") and page. 04/07/06 Order (D.E. 46) at 3.

[6]     Although the plaintiff complains of the defendants' failure to consent to waive service, Mot., ¶¶ 7-8, no useful purpose is served in bringing this matter to the Court's attention as the plaintiff is solely responsible for effecting service once summonses are issued. Cf. Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996) (setting forth the Court's responsibility to ensure that service is effected where a pro se plaintiff is indigent). Any request to be reimbursed for the costs of service is clearly premature.

Nonetheless, for the reasons stated in the previous orders, 02/23/06 Order at 3-4; 04/07/06 Order (D.E. 47) at 3-4, 5-7, plaintiff cannot appear pro se on behalf of anyone other than herself. Permitting her to represent a class would violate Fed. R. Civ. P. 11(a) and 28 U.S.C. § 1654 and would represent the unauthorized practice of law by Powers. This aspect of plaintiff's motion is DENIED.[7]

Next, plaintiff complains, again, about the denial of her motion for appointment of counsel. Mot., ¶¶ 13(5), (14)-(15). As a preliminary matter, this is the third time the Court has been asked to address this issue,[8] and the Federal Rules of Civil Procedure do not contemplate the filing of repetitive motions. The plaintiff is CAUTIONED that motions for reconsideration should be filed only when the Court clearly made a mistake of fact or law or when the factual situation has changed materially since the filing of the original motion. Repeated motions for reconsideration are not acceptable merely because a party disagrees with the Court's decision. The decision to appoint counsel is discretionary, and the Court has stated, twice, why appointment of counsel was denied.

---

[7] As this motion was not personally signed by James G. Blodgett, Jr., and as the status of Blodgett was addressed in a separate order (D.E. 47), the Court will not revisit this issue as presented in ¶¶ 13(2)-(3) of the motion, except to observe that the attachment to this motion (D.E. 39 at 24-28) suggests that the Sixth Circuit apparently had some of the same concerns about Blodgett's participation in that action, Sixth Circuit appeal no. 05-4087, as did the Court in this case.

[8] See 02/23/06 Order at 4-6; 03/09/06 Order at 1-2.

This aspect of the plaintiff's motion is DENIED. This decision is final and will not be reconsidered.[9]

Next, plaintiff objects to that portion of the February 23, 2006 order that requires her to plead the basis for federal jurisdiction over her claims. Mot., ¶¶ 13(6)-(10). As the Court's subject-matter jurisdiction of the various administrative proceedings to which the plaintiff is a party depends on the Sarbanes-Oxley Act ("SOX" or the "Act", 18 U.S.C. § 1514A, and its regulations, the Court will briefly set forth the basis for federal jurisdiction over SOX claims. SOX provide a federal cause of action for employees of publicly traded companies who have been retaliated against for acting as "whistleblowers" with respect to certain types of financial fraud. Pursuant to 29 C.F.R. § 1980.103(a) & (c), an aggrieved employee may file a complaint of discrimination against her employer or a company representative "with the OSHA Area Director responsible for enforcement activities in the geographical area where the employee resides or was employed." The Assistant Secretary of Labor for Occupational Safety and Health is required to investigate the complaint, id., § 1980.104, and, within

_____

[9]    Contrary to the plaintiff's apparent assumption, Mot. at 5 n.4, the Court has not concluded that the complaint is lacking in legal merit. To the contrary, the first order denying appointment of counsel explicitly stated that "the sheer number of parties to this action, coupled with the pleading deficiencies of the complaint . . . , render it impossible for the Court to assess the merits of the case at the present time." 02/23/06 Order at 6.

Moreover, the plaintiff's stated concerns about the competence and ethics of local attorneys, Mot. at 5 n.4, provides another reason why the Court will not exercise its discretion to appoint counsel. It is likely that the same concerns would arise with any attorney appointed by the Court who would be willing to take the case, and it hinders the Court's ability to recruit pro bono counsel when attorneys are appointed to represent litigants who are obviously disinclined to rely on professional advice.

sixty (60) days, issue "written findings as to whether or not there is reasonable cause to believe that the named person has discriminated against the complainant in violation of the [Sarbanes-Oxley] Act." Id., § 1980.105(a).[10] Within thirty (30) days of the issuance of the Assistant Secretary's findings and preliminary order may file objections and request a hearing by the Chief Administrative Law Judge, U.S. Department of Labor. Id., § 1980.106(a). The Chief Administrative Law Judge will assign an administrative law judge to conduct a de novo hearing, which is to commence "expeditiously," id., § 1980.107(b), and to issue a decision containing "appropriate findings, conclusions, and an order pertaining to the remedies provided . . . , as appropriate," id., § 1980.109(a). Any party may seek review of the decision of the administrative law judge from the Administrative Review Board ("ARB" or the "Board"), "which has been delegated the authority to . . . issue final decisions," by filing a petition within ten business days of the issuance of the order. Id., § 1980.110(a). "The final decision of the Board shall be issued within 120 days of the conclusion of the proceedings before the administrative law judge—i.e., 10 business days after the date of the decision of the administrative law judge unless a motion for reconsideration has been filed with the administrative law judge in the interim." Id., § 1980.111(c). Within sixty (60) days after issuance of a final order by the Board under § 1980.110, any aggrieved person may file

---

[10] The standards for establishing a prima facie case of prohibited discrimination, and of rebutting that case, as set forth in 29 C.F.R. § 1980.104(b)-(c).

a petition for review in the United States Court of Appeals for the circuit in which the violation allegedly occurred or the circuit in which the complainant resided on the date of the violation." Id., § 1980.112(a).[11] However,

> [i]f the Board has not issued a final decision within 180 days of the filing of a complaint, and there is no showing that there has been delay due to the bad faith of the complainant, the complainant may bring an action at law or equity for de novo review in the appropriate district court of the United States, which will have jurisdiction over such an action without regard to the amount in controversy.

Id., § 1980.114(a).

As Powers has pointed out, Mot., ¶ 13(8), the complaint in this case identifies several administrative proceedings by docket number, see Compl., ¶ 4 (ARB cases 04-111, 05-022, 03-061, and 03-125), each of which she presumably seeks to remove pursuant to 29 C.F.R. § 1980.114(a). However, the allegations concerning these four proceedings are inadequate because: (i) plaintiff has not attached copies of the complaints in those cases, making it impossible for the Court to confirm that they were brought pursuant to the SOX (and, therefore, removable to federal court)[12] and to

---

[11]     Moreover, "[a] final order of the Board is not subject to review in any criminal or other civil proceeding." Id.

[12]     By way of example, ¶ 5 of the complaint refers to an administrative complaint filed by the plaintiff with the Assistant Secretary on December 27, 2004 (which may or may not be one of the cases identified in ¶ 4), that purports to bring claims pursuant to

> illegal employment discrimination for past and current protected activities related to pursuit of administrative complaints that involve securities, including appearances of illegal insider trading, violations of the Fair Labor Standards Act, violations of the FAA federal aviation regulations,{FARS} [sic], violations of US DOT TSA Security directives, and violations of the EPA environmental
>                                                                    (continued...)

identify the parties to those cases[13] and the claims asserted therein; and (ii) the complaint does not set forth, with respect to each such administrative proceeding plaintiff seeks to remove to the federal court, the date on which the proceeding was commenced, any and all administrative docket number assigned to the proceeding,[14] and the status of the proceeding at the time this

---

[12]     (...continued)
statutes. . . . It also claimed concerns and illegal retaliation by named persons on Plaintiffs [sic] concerns and complaints made on the appearance of labor racketeering among the airline industry, PACE International Union, and Pollution Control Industries [PCI]. {Taft-Hartley Act / LMDRA}. It also contained allegations of collusion, conspiracy, and co-conspiracy to commit acts that are illegal and in furtherance of financial harm, defamation, and intentional emotional distress to Plaintiff/Crewmember Powers for these protected activities.

Most of these subjects do not pertain to a claim of illegal retaliation under SOX and do not appear to be removable to federal court under § 1980.114(a).

[13]     Pursuant to 29 C.F.R. § 1980.108(a)(1), "[t]he complainant and the named person will be parties in every proceeding. At the Assistant Secretary's discretion, the Assistant Secretary may participate as a party or as amicus curiae at any time at any stage of the proceedings." The Assistant Secretary is not named as a party to this action. The regulations do not appear to contemplate a SOX claim against, inter alia, the United States Department of Labor ("USDOL"), Occupational Safety and Health Administration ("OSHA"), Region 4; the USDOL, Office of Administrative Law Judges ("OALJ"); the USDOL, ARB; Dennis Russell; Michael Moon; Cindy Coe-Laseter; or Elaine Chao, the Secretary of the USDOL.

     Moreover, the administrative complaint may only be brought against "named person[s]," who are defined as "the employer and/or the company or company representative named in the complaint who is alleged to have violated the Act." 29 C.F.R. § 1980.101. A "company representative" is "any officer, employee, contractor, subcontractor, or agent of a company." Id. This suggests, at a minimum, that Tennessee Attorney General Paul Summers; Tennessee Assistant Attorney General Brandy Gagliano; the Office of the Tennessee Secretary of State, Administrative Procedures Division ("APD"); Charles C. Sullivan, II; the Office of the General Counsel, Tennessee Department of Environment and Conservation ("TDEC"); Kim L. Kirk; Tennessee Department of Labor and Workforce Development, Board of Review ("TDLWFD, BOR"); Suzanne J. Stamps; and Michael E. Magill, a former Commissioner of the TDLWFD, are not proper parties to any SOX claim.

[14]     It appears that the proceedings are assigned a docket number when first commenced before the Assistant Secretary, another docket number when under review by the OALJ, and a third docket number when under review by the Board. The complaint does not correlate these numbers for each administrative complaint, making it impossible to track the allegations in the complaint for any particular
                                                        (continued...)

action was commenced. At the present time, therefore, the Court is unable to confirm that it has subject-matter jurisdiction over any SOX claim pursuant to 29 C.F.R. § 1980.114(a).[15]

The other bases of federal jurisdiction cited by the plaintiff are of no assistance to her.[16] The general federal question jurisdiction statute, 28 U.S.C. § 1331, is applicable only when the plaintiff sues under a federal statute providing a private right of action. Of the seventeen claims asserted in the complaint, it is not clear whether counts 2, 3, 4, 6, 8, 9, 10, 11, and 13 are based on statute or common law, or even whether they purport to arise under federal or state law.[17]

Count 1 arises under federal law and purports to rely on 29 C.F.R. Parts 24 and 1979.[18] Twenty-nine C.F.R. Part 24 contains procedures governing the handling of discrimination complaints by the Secretary of the USDOL of discrimination complaints under various federal statutes. The complaint does not allege a violation

---

[14]    (...continued)
administrative proceeding.

[15]    Moreover, although ¶¶ 16 and 72 of the complaint expresses the plaintiff's desire to "remand" certain actions pending in the United States Court of Appeals for the Sixth Circuit, docket numbers 04-4441 and 05-3266, which may or may not be appeals of any of the four cases identified in ¶ 4 of the complaint, this Court does not appear to have the authority to do that. 29 C.F.R. § 1980.112(a); see supra p. 8. Instead, it appears that federal district courts have subject-matter jurisdiction of SOX claims only when an action is commenced pursuant to 29 C.F.R. § 1980.114(a).

[16]    One statute cited by the plaintiff, 28 U.S.C. § 1434, does not exist.

[17]    Counts 5 and 14-17 arise under state law and, therefore, provides no independent basis for federal subject-matter jurisdiction.

[18]    Count 1 also purports to rely on 29 C.F.R. Part 1980 but, for the reasons previously stated, the jurisdictional allegations concerning that claim are inadequate.

of any of the federal statutes covered by this Part, and the regulations do not provide a private right to sue in federal court.

Twenty-nine C.F.R. Part 1979, the regulations establishing procedures for the handling of discrimination complaints under § 519 of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, 49 U.S.C. § 42121 ("AIR21"), do not authorize a complainant to remove an administrative complaint to federal court. Moreover, judicial review of a final decision by the ARB may be had only in "the United States Court of Appeals for the circuit in which the violation occurred or the circuit in which the complainant resided on the date of the violation." 29 C.F.R. § 1979.112(a).[19]

Accordingly, Count 1 does not provide a basis for federal subject-matter jurisdiction.

The Court may have jurisdiction over count 7, which asserts a violation of 42 U.S.C. § 1983. Section 1983 encompasses violations of the federal Constitution or federal law by individuals acting under color of state law. but only if the complaint states a claim under that provision. It is not clear which constitutional provisions or federal statutes the plaintiff relies in her § 1983 claim. Moreover, most of the named defendants in this action cannot be sued under § 1983. "A § 1983 plaintiff may not sue purely private parties." Brotherton v. Cleveland, 173 F.3d

---

[19]     Federal district courts have jurisdiction over suits brought by the Secretary of the USDOL charging noncompliance with a preliminary order of reinstatement or a final order or the terms of a settlement agreement. 29 C.F.R. § 113. That provision is inapplicable here.

11

552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983 claim, defendant's actions must be fairly attributable to the state." <u>Collyer v. Darling</u>, 98 F.3d 211, 231-32 (6th Cir. 1997).[20] The plaintiff also cannot sue federal agencies and their employees under § 1983 as they do not act under color of state law. See <u>Franklin v. Henderson</u>, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001) ("The federal government and its officials are not subject to suit under 42 U.S.C. § 1983."); <u>Kostyu v. Ford Motor Co.</u>, No. 85-1207, 1986 WL 16190, at *1 (6th Cir. July 28, 1986) ("We observe initially the lack of state action which would provide jurisdiction for this action under § 1983. The defendants are federal officials and private parties carrying out federal income tax policies.").[21] Moreover, the Eleventh Amendment severely limits the plaintiff's ability to sue many of the state defendants, including the Office of the Tennessee Secretary of State, APD; the Office of the General Counsel, TDEC; and TDLWFD, BOR, as well as

---

[20]    Therefore, the plaintiff cannot, as a matter of law, assert a § 1983 claim against NWA, Inc.; Pinnacle Airlines, Inc. d/b/a NWA Airlink; Pinnacle Airlines Corporation; Pinnacle Airlines Corporation of Tennessee; Phil Reed; Phil Trenary; Theodore Davies; Alice Pennington; NWAC; NWA Incorporated; Doug Hall; DLA Piper Rudnick, Gray Cary US LLP; PACE International Union; Teresa Brents; James N. Hendricks; Pollution Control Industries ("PCI") of Tennessee, LLC; PCI, Inc.; John M. Newell; Weinburg Richmond LLP; Lawrence Karlin; the Winchester Law Firm; Mark Grai; Steve Hoffman; Mesaba Airlines d/b/a NWA Airlink; Mesaba Holdings, Inc.; Waller Lansden Dortch and Davis, LLP; Edward M. Callaway; Michael David Gaines; Milton H. Hamilton; and Kim Monroe under § 1983, as they are private actors.

[21]    Therefore, the plaintiff cannot, as a matter of law, assert a § 1983 claim against the USDOL, OSHA, Region 4; the USDOL, OALJ; the USDOL, ARB; Dennis Russell; Michael Moon; Cindy Coe-Laseter; or Elaine Chao.

any state employee sued in his or her official capacity.[22] Accordingly, at the present time count 7 does not provide a basis for federal subject-matter jurisdiction.

Count 12 of the complaint, entitled "US DOL VIOLATIONS of FOIA," presumably refers to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq. A FOIA claim can only be brought against a federal agency, id., § 552; see also 5 U.S.C. § 551(1) (defining "agency"). Although the FOIA claim purports to be brought against "US DOL," that entity is not a party to this lawsuit. Moreover, the complaint does not allege that the plaintiff sought specific information from a federal agency in accordance with the proper administrative procedures and that her request was improperly refused. Exhaustion of administrative remedies is a condition precedent to a FOIA suit. See, e.g., In re Steele, 799 F.2d 461, 465-66 (6th Cir. 1986). Count 12 does not state a valid FOIA claim.

For all the foregoing reasons, then, the complaint fails to assert a valid claim over which the Court would have federal question jurisdiction under 28 U.S.C. § 1331 or 42 U.S.C. § 1983.

The two remaining bases for federal subject-matter jurisdiction advanced by the plaintiff also are of no assistance to her. Although the plaintiff invokes 42 U.S.C. § 1988, that statute does not provide a basis for federal subject-matter jurisdiction.

---

[22]    Although plaintiff can assert a § 1983 claim against a state employee in his or her individual capacity, there is no respondeat superior liability under § 1983 and, therefore, the defendant must have had direct, personal involvement in any wrongdoing. See, e.g., Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).

Finally, 28 U.S.C. § 1367, which concerns supplemental jurisdiction, is available only where the complaint asserts some claim over which the federal courts have original jurisdiction. 13B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, Federal Practice and Procedure § 3567.3 (2d ed.) ("The supplemental-jurisdiction statute is not a source of original jurisdiction and a case cannot be brought or removed on grounds of supplemental jurisdiction alone. In other words, there must be a predicate claim that invokes some independent form of federal subject matter jurisdiction, such as federal question or diversity of citizenship jurisdiction, to which a supplemental claim can append.") (footnote omitted). Thus, the Court may choose to exercise supplemental jurisdiction over the state-law claims asserted in the complaint, but only if the complaint asserts one or more claims over which the Court may exercise original subject-matter jurisdiction.

Accordingly, that aspect of the plaintiff's motion seeking reconsideration of the order directing her to file an amended complaint that complies with Fed. R. Civ. P. 8(a)(1) is DENIED. There must be a valid basis for federal subject-matter jurisdiction over each and every federal claim asserted in the amended complaint. The foregoing discussion also makes clear that the plaintiff's position that each of the forty-five (45) named

14

defendants can be held jointly and severally liable on each and every claim, Mot., ¶ 13(9), is legally incorrect.[23]

The Court also DENIES the plaintiff's motion for reconsideration of that portion of the February 23, 2006 order that required her to comply with Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of [each] claim showing that the pleader is entitled to relief." The plaintiff assumes, incorrectly, that the previous orders characterized the complaint as incoherent and unintelligible solely because the Court is unfamiliar with the regulations under which she purports to sue. Mot., ¶ 13(17). For the reasons stated in the previous order, and as elaborated supra, the factual allegations in the complaint are neither short nor

---

[23] To the extent that any count depends on the existence of a conspiracy, the plaintiff must plead specific facts from which an inference of conspiracy may be drawn. Bryant-Bruce v. Vanderbilt Univ., Inc., 974 F. Supp. 1127 (M.D. Tenn. 1997) ("[I]n order to demonstrate the necessary conspiracy, a plaintiff must allege specific acts or means by which the defendants were alleged to have conspired."); see also Brooks v. American Broadcasting Cos., 932 F.2d 495 (6th Cir. 1991) (affirming denial of motion to amend to add § 1985 claim because "the allegations are too vague and conclusory to withstand a motion to dismiss"); Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir. 1984); Lindsey v. Allstate Ins. Co., 34 F. Supp. 2d 636, 645 (W.D. Tenn. 1999); cf. Gutierrez v. Lynch, 826 F.2d 1524, 1538 (6th Cir. 1987) ("It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state . . . a claim."; dismissing § 1983 conspiracy claim).

Finally, plaintiff assumes, incorrectly, that the previous orders in this case were issued at the direction of "this Court's staff attorney," Mot., p. 8, and further asserts that "[i]t is public record that Defendants Brandy Gagliano and Kim Kirk have been in direct contact with the clerks and staff of this Court in this matter," id.; see also id. at p. 10 ("Plaintiffs reasonably contend that Defendant Gagliano has more than likely made ex parte contacts with staff of this Court in its review and their 'screening' of the June 30, 2005 Complaint."). This judge issues every order in every case to which he is assigned, and the only party who has had, or attempted to have, improper contact with the clerks and court staff has been the plaintiff.

plain. It the plaintiff expects to proceed with this lawsuit, she would be well advised to correct that.[24]

Finally, the Court declines to address at this time the plaintiff's motion for removal of an action pending in the Shelby County Chancery Court, see Mot., p. 15, until the plaintiff has filed a complaint that complies with the Federal Rules of Civil Procedure. The Court also declines to address the additional factual allegations advanced by the plaintiff, Mot., pp. 16-17, as the short and plain statement of the basis for each of the plaintiff's claims must appear in her complaint.

For all the foregoing reasons, the Court DENIES the motion for reconsideration, which was filed by this plaintiff on March 29, 2006, in its entirety.

IT IS SO ORDERED this 13th day of April, 2006.


s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[24] The references to purported violations of plaintiff's rights under the First, Fifth, and Fourteenth Amendments, as well as the statement that "the unlawful employment discrimination to Plaintiff[] Powers . . . arose of the treaties of the US Constitution," Mot., ¶ 13(17) (emphasis omitted), are unexplained. Technically, there is no such thing as a "treat[y] to the US Constitution," and there also is no reason to believe that Powers has a claim under any treaty.