IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

COLEEN L. POWERS,

    Plaintiff,

vs.                                  No. 05-2468-B/P

NWA, INC., et al.,

    Defendants.

---

ORDER DENYING PLAINTIFF'S MOTION FOR REMOVAL
OF CHANCERY COURT ACTION
AND
ORDER GRANTING TDEC'S MOTION FOR REMAND

---

On October 25, 2005, plaintiff filed a motion, entitled "Petitioner's Motion for Court to Grant Motion [for] Removal [of] State and Federal Claims in Shelby County Chancery Court Action CH-02-1797-3 to US District Federal Court for Consolidation with US District Court Docket #05-2468 B/P" (D.E. 8), seeking to remove a Petition for Judicial Review filed by the plaintiff in the Shelby County Chancery Court on September 16, 2002 concerning the denial of the plaintiff's application for unemployment compensation. The unemployment compensation application at issue concerned the plaintiff's prior employment with the Tennessee Department of Environment and Conservation ("TDEC"), which terminated on or about November 1, 2001. The defendants named in the Chancery Court petition are Mark Reineke, the Commissioner of the Tennessee Department of Labor and Workforce Development ("TDLWD"); Mike

Magill, former Commissioner of the TNLWD; Milton Hamilton, Jr., the Commissioner of the TDEC; and Phil Trenary, the President and Chief Executive Officer of Pinnacle Airlines, Inc., b/b/a Northwest Air Link.[1] In addition to an award of unemployment compensation, the petition also sought, inter alia, back pay; reinstatement to her former position or, in the alternative, front pay; compensatory, punitive, and treble damages; injunctive relief; and an open public apology.

On November 25, 2005, the State of Tennessee, through the TDEC, filed a motion, accompanied by a memorandum of law, to remand the removed action to the Shelby County Chancery Court on the grounds, inter alia, that this Court lacks subject-matter jurisdiction and that the requirements of 28 U.S.C. § 1441 have not been satisfied. On December 23, 2005, plaintiff filed two documents relevant to this application. The first, styled "Petition/Plaintiff Powers' Motion for Entry of Order Granting Petitioner's October 25, 2005 Motion for Removal of Federal and State Claims in Shelby County Chancery Court Action CH-02-1797-3 to US District Court for Consolidation with US District Court Docket #05-2468 B/P & Petitioner/Plaintiff Powers' Rebuttal Reply to Defendant 'TDEC's' Response/Countermotions to Petitioner/Plaintiff Powers' October 25th, 2005 Motions" (D.E. 13), reiterates the October 25, 2005 motion for removal. The second, styled "Petitioner/Plaintiff Powers' Rebuttal Reply, Brief, & Memorandum of Law in Further

---

[1] Mr. Trenary was also named as a defendant in the complaint filed by the plaintiff in this Court on June 30, 2005.

Support of her October 25th, 2005 Motions to Remove her Federal and State Claims in Chancery Court Action CH-02-1797-3 to US District Court for Consolidation with Docket 05-2468 B/P *and* for Denial of the TDEC Responsive Rule 12 Countermotions Received on Dec. 15, 2005 by Plaintiff Powers" (D.E. 14), constitutes a response to TDEC's motion to remand.[2]

The plaintiff is not entitled to remove her state-court action to federal court. As a preliminary matter, the motion is procedurally defective. There is no mechanism pursuant to which a federal district court can issue an order removing a case that is pending in state court. Pursuant to 28 U.S.C. § 1446(a), a defendant seeking to remove an action must file a notice of removal in the district court for the district and division within which the action is pending. Leave of court is not required. Instead, the clerk dockets the notice of removal and its attachments as a new civil action.

Plaintiff's motion does not comply with the applicable statutes in several respects. First, there is no procedure permitting a plaintiff to remove to federal court an action she herself commenced in state court. In her response to the remand motion, plaintiff recharacterizes her October 25, 2005 filing as a

---

[2] In an order issued on March 9, 2006 (D.E. 20), the Court stated that, "[u]ntil the plaintiff submits a coherent complaint, as directed by the February 23, 2006 order, no further motions will be considered." 03/09/06 Order at 2. As the plaintiff has not yet complied with the February 23, 2006 order, and has spent the time allotted for compliance by flooding the Clerk with a barrage of motions and other papers, the Court has concluded that no useful purpose would be served by further deferring a decision on these motions.

motion for change of venue, rather than removal,[3] relying on language in decisions from other circuits concerning the weight to be given to the plaintiff's choice of forum. D.E. 14 at 3-4, citing Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 695 (8th Cir. 1997) ("In general, federal courts give considerable deference to a plaintiff's choice of forum.");[4] Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994) ("While a defendant does have a right given by statute, to remove in certain situations, plaintiff is still the master of his own claim. Defendants' right to remove and plaintiff's right to choose his

---

[3] The title of plaintiff's October 25, 2005 motion makes clear that it seeks removal of her Chancery Court action, and the text of the motion explicitly relies on, inter alia, 28 U.S.C. §§ 1441, 1443, 1446, 1447, and 1449.

Although the plaintiff cites the civil rights removal statute, 28 U.S.C. § 1443, that statute is inapplicable here. First, the statute, on its face, authorizes only removal by defendants, not plaintiffs. Second, the phrase any law providing for . . . equal civil rights" has been interpreted by the Supreme Court as limited to "any law providing for specific civil rights in terms of racial equality." State of Georgia v. Rachel, 384 U.S. 780, 792 (1966).

> Thus, the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands.

Id. Thus, the fact that plaintiff contends she was terminated from the TDEC because of her whistleblowing activity and, presumably, that she is not receiving due process in the Chancery Court provide no basis for removal under § 1443.

[4] The quotation used by the plaintiff omits the remainder of the sentence, which is relevant here. The relevant language reads: "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under [28 U.S.C. § 1404(a)] typically bears the burden of proving that a transfer is warranted." Id. (emphasis added). In Terra Int'l, the Eighth Circuit affirmed a district court decision transferring a products liability case in reliance on a forum-selection clause in the contract between the parties. Terra Int's, Inc., 119 F.3d 688.

forum are not on equal footing.").[5] These cases do not stand for the proposition that a plaintiff may remove a state-court action she commenced to federal court because that is now her forum of choice. The plaintiff exercised her choice of forum when she filed suit in the Shelby County Chancery Court.

Second, plaintiff has filed a motion in an existing civil action rather than filing a notice of removal that commences a new civil action.[6]

Third, any attempt to remove the Chancery Court action would be untimely, as a notice of removal must be filed within thirty days of service of the complaint on the defendant. 28 U.S.C. § 1446(b).

More fundamentally, this Court lacks subject-matter jurisdiction over the Chancery Court action.

> In order to invoke the district court's removal jurisdiction, a defendant must show that the district

---

[5] The defendant in Burns removed an action against an insurance company that, on the face of the complaint, sought $45,000 in damages. The plaintiff filed a motion to remand, which was denied, and the district court thereafter granted summary judgment for the defendant. On appeal, the Eleventh Circuit held that there was no federal diversity jurisdiction because the then-applicable amount in controversy requirement of 28 U.S.C. § 1332 was not satisfied. Id. at 1094-95.

The plaintiff also purports to cite language from Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987), but the lengthy quotation set forth in plaintiff's brief, D.E. 14 at 4, does not appear in that opinion. The quotation relied on by the plaintiff comes from a district court decision, City of Univ. City, Mo. v. AT&T Wireless Servs., Inc., 229 F. Supp.2d 927, 929 (E.D. Mo. 2002), which granted a plaintiff's motion to remand a class action against wireless telephone service providers on the basis that the amount in controversy requirement of 28 U.S.C. § 1332 had not been satisfied.

[6] The plaintiff also has not attached copies of "all process, pleadings, and orders served upon such defendant or defendants in [the state-court] action," as required by 28 U.S.C. § 1446(a). Although the plaintiff attached a copy of her original Chancery Court complaint, she has omitted all other pleadings and orders filed in the case.

5

> court has original jurisdiction over the action. See 28 U.S.C. § 1441(a). The burden of showing that the district court has original jurisdiction is on the party seeking removal. . . . Furthermore, because they implicate federalism concerns, removal statutes are to be narrowly construed.

Long v. Bando Mfg., Inc., 201 F.3d 754, 757 (6th Cir. 2000) (citation omitted). "In determining removal jurisdiction under § 1441 . . . , federal courts apply the 'well-pleaded complaint' rule, pursuant to which 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Id. at 758 (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).

In this case, as previously stated, the Chancery Court action involves the denial of the plaintiff's application for unemployment compensation after her termination from the TDEC in late 2001. Plaintiff filed an application for unemployment compensation with the employment security unit of the TDLWD, pursuant to Tenn. Code Ann. § 50-7-304(a). Her application for unemployment compensation was denied, and she appealed to the Appeals Tribunal pursuant to Tenn. Code Ann. § 50-7-304(c). The denial of benefits was upheld, and Powers appealed to the Board of Review pursuant to Tenn. Code Ann. § 50-7-304(e). The denial of benefits was upheld as the final decision of the Commissioner of the TDLWD. Having exhausted her administrative remedies, plaintiff filed a petition for review of the Board of Review decision in the Shelby County Chancery Court, pursuant to Tenn. Code Ann. § 50-7-304(I). There is no original federal jurisdiction over this state-

law claim against a state agency and, therefore, the Chancery Court action is not removable.[7]

The Court DENIES plaintiff's motion to remove the Chancery Court action and GRANTS TDEC's motion to remand Chancery Court Action CH-02-1797-3 to the Shelby County Chancery Court.

Pursuant to 28 U.S.C. § 1447(d), orders remanding a case to state court are not appealable.

IT IS SO ORDERED this 15th day of May, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[7] The plaintiff's Chancery Court complaint sues parties other than the Commissioner of the TDLWD, which suggests that she is attempting to raise additional claims. However, nothing on the face of the complaint suggests that it asserts a claim over which this Court would have original jurisdiction.