IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

COLEEN L. POWERS,

    Plaintiff,

vs.                                     No. 05-2468-B/P

NWA, INC., et al.,

    Defendants.

---

ORDER DENYING LEAVE TO FILE ADDITIONAL DOCUMENTS
ORDER DENYING MOTION TO STAY
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND
ORDER GRANTING FINAL EXTENSION OF TIME TO FILE AMENDED COMPLAINT

---

The Court issued an order on February 23, 2006 (Docket Entry ("D.E.") 15) that, <u>inter</u> <u>alia</u>, directed plaintiff Coleen L. Powers, within thirty days, to file a complaint that complies with Rule 8(a)(1) and (2) of the Federal Rules of Civil Procedure. On March 23, 2006, plaintiff filed a motion, entitled "Pro Se Plaintiff James G. Blodgett Jr.'s Rule 60 Motion & Accompanying Memorandum in Support Thereof to Vacate this Court's February 23, 2006 Order, *In Part*, and for Entry of Order Granting this Relief; Pro Se Plaintiff Powers and Blodgett's <u>Joint Motion</u> for <u>Enlargement of Time</u> to Try to Comply with the Court's February 23, 2006 Order" (D.E. 22 (emphasis in original)), that included, a request for a thirty-day extension of time to comply with the February 23, 2006 Order. D.E. 22 at 3-5. The Court issued an order on April 7, 2006

(D.E. 46) granting Powers a thirty-day extension, until the close of business on April 27, 2006, to comply with the February 23, 2006 order. D.E. 46 at 3. That order also provided that, "[u]ntil the filing of the amended complaint, the plaintiff is ENJOINED from filing any additional documents from any administrative or judicial proceeding." Id. (emphasis omitted).[1] Subsequently, on April 13, 2006, the Court issued an order (D.E. 48) denying the plaintiff's motion for reconsideration of that portion of the February 23, 2006 order directing her to file an amended complaint. D.E. 48 at 14, 16.

On April 24, 2006, plaintiff submitted a motion, entitled "Plaintiffs' [sic] Joint Motion for *Leave of Court* to File the Following Plaintiffs [sic] Joint Prima Facie Evidence in Further Support of Plaintiffs [sic] Joint June 30, 2005 Consolidated Complaint & Its First Amendment" (D.E. 53 (emphasis in original)). In that motion, plaintiff sought two things: leave of Court to file additional documents, apparently consisting of exhibits from various administrative proceedings, and another extension of time to submit an amended complaint.

The motion for leave to file documents is DENIED. Unless and until the plaintiff files an amended complaint that complies with Rules 8(a)(1) and (2) of the Federal Rules of Civil Procedure and that asserts a claim over which this Court has subject-matter

---

[1] That order also advised the plaintiff that "[a]ny references in the amended complaint to any of the many documents filed as of March 23 and 29, 2006 shall include both the docket number of the document and the specific page(s) within the document." D.E. 46 at 3 (footnote omitted).

jurisdiction, no useful purpose is served by presenting copies of documents from other proceedings. In the event any proceeding before the U.S. Department of Labor is properly removable to federal court, the record will be transmitted and, therefore, it is unnecessary for the plaintiff to file excerpts of evidence submitted to that agency apart from her pleadings.[2] Moreover, even assuming the plaintiff files an amended complaint over which this Court has subject-matter jurisdiction, the filing of these documents is unnecessary as parties are not required to initially submit evidence in support of their claims, particularly where, as here, the plaintiff has requested a jury trial.[3]

The plaintiff's motion to stay this matter pending her appeals to the Sixth Circuit is DENIED as moot in light of the dismissal of each of her appeals for lack of jurisdiction.

The motion for appointment of counsel is DENIED for the reasons stated in numerous previous orders.

Powers also seeks, almost as an afterthought, a thirty-day extension of time to submit her amended complaint. As a preliminary matter, it is customary for a party seeking an extension of time to show good cause why she could not comply with the Court's order within the time allotted, particular where, as here, she had already received one extension of time. The plaintiff

---

[2] For reasons that are not clear, the plaintiff has, thus far, refused to submit copies of her pleadings in those cases she seeks to remove from the U.S. Department of Labor.

[3] As the Court has denied the plaintiff's motion to remove the case she filed in the Shelby County Chancery Court, there is also no need to examine any of the documents filed in that matter.

is unable credibly to assert that she has had insufficient time to file her amendment where, rather than turning her attention to that task, she instead dedicated herself to the submission of thousands of pages of unnecessary documents. Nonetheless, in order to ensure that she is afforded an adequate opportunity to submit an amended complaint, her motion for an extension of time is GRANTED. The amended complaint is due no later than thirty (30) days from the date of entry of this order. **No further extensions of time will be granted.** In the event the plaintiff fails to timely submit an amended complaint that complies with the Federal Rules of Civil Procedure, the Court will dismiss the action for lack of subject-matter jurisdiction and pursuant to Fed. R. Civ. P. 8(a)(1) & (2).

The requirements for the amended complaint are set forth in the orders issued on February 23, 2006 (D.E. 15) and on April 13, 2006 (D.E. 48), which will not be repeated here. With the sole exception set forth infra, Powers' claims against each defendant must be contained in the text of the amended complaint and cannot be incorporated by reference to any other document.[4] The plaintiff **must** attach, as exhibits to her amended complaint, copies of any administrative complaint that she seeks to remove to this Court.

---

[4] The plaintiff may, if desired, attach exhibits to the amended complaint. However, she is cautioned that the factual basis for her claims against each defendant must be included in the text of the complaint itself. Moreover, as the plaintiff is not required to plead the evidence supporting her claims, there is no need to include voluminous exhibits with the amended complaint. Any document that is attached as an exhibit shall be referenced in the complaint by docket entry (if previously filed) or exhibit number **and page number**. See D.E. 48 at 4 n.5; D.E. 46 at 2 ("Any references in the amended complaint to any of the many documents filed as of March 23 and 29, 2006 shall include both the docket number of the document and the specific page(s) within the document.").

Finally, as James Blodgett is no longer a party to this action, and as Blodgett has elected not to commence his own lawsuit, the Clerk is directed not to accept for filing any further documents submitted by or on behalf of Blodgett except a notice of appeal, signed personally by Blodgett, filed after the entry of final judgment.[5] The Clerk is directed not to accept for filing an amended complaint that purports to be brought by or on behalf of any person other than Powers, including, without limitation, Blodgett.

IT IS SO ORDERED this 22nd day of August, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[5] Out of an abundance of caution, the Court finds it necessary to reassure plaintiff that the reference to a final judgment does not presuppose that the Court has decided that the case will soon be dismissed. It is entirely possible that the entry of final judgment will occur after the litigation of the plaintiff's claims on the merits.

5