IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

COLEEN L. POWERS,

   Plaintiff,

vs.           No. 05-2468-B/P

NWA, INC., et al.,

   Defendants.

---

ORDER STRIKING DOCUMENT SUBMITTED
IN VIOLATION OF COURT ORDER
ORDER OF PARTIAL DISMISSAL
ORDER DIRECTING PLAINTIFF TO EFFECT SERVICE
ON REMAINING DEFENDANT
ORDER GRANTING IN PART MOTIONS FOR
ADDITIONAL TIME TO SERVE SUMMONSES
AND
ORDER IMPOSING RESTRICTIONS ON
PLAINTIFF'S FILING PRIVILEGES

---

   On June 30, 2005, Plaintiff Coleen L. Powers, a resident of Shelby County, Tennessee, filed a pro se complaint, entitled "Consolidated Complaint of Illegal Employment Discrimination & Notice of Removal to Federal Court." (Docket Entry ("D.E.") 1.) Powers paid the civil filing fee. That complaint, which was brought on behalf of "Coleen L. Powers, and others similarly situated; James G. Blodgett, Jr., et al.," named as defendants the following persons and entities: NWA, Inc.; Pinnacle Airlines, Inc. d/b/a NWA Airlink; Pinnacle Airlines Corporation; Pinnacle Airlines Corporation of Tennessee; Phil Reed; Phil Trenary; Theodore Davies; Alice Pennington; an entity identified only as NWAC; NWA

Incorporated;[1] Doug Hall; an entity identified as DLA Piper Rudnick, Gray Cary US LLP; PACE International Union; Teresa Brents; James N. Hendricks; Pollution Control Industries ("PCI") of Tennessee, LLC; PCI, Inc.; John M. Newell; Weinburg Richmond LLP; Lawrence Karlin; the Winchester Law Firm; Mark Grai; Steve Hoffman; the United States Department of Labor, Occupational Safety and Health Administration ("OSHA"), Region 4; United States Department of Labor, Office of Administrative Law Judges ("OALJ"); United States Department of Labor, Administrative Review Board ("ARB"); Dennis Russell; Michael Moon; Cindy Coe-Laseter; Elaine Chao, the Secretary of the United States Department of Labor; Tennessee Attorney General Paul Summers; Brandy Gagliano; Office of the Tennessee Secretary of State, Administrative Procedures Division ("APD"); Charles C. Sullivan, II; the Office of the General Counsel, Tennessee Department of Environment and Conservation ("TDEC"); Kim L. Kirk; Tennessee Department of Labor and Workforce Development, Board of Review ("TDLWFD, BOR"); Suzanne J. Stamps; Michael E. Magill, a former Commissioner of the TDLWFD; Mesaba Airlines d/b/a NWA Airlink; Mesaba Holdings, Inc.; Waller Lansden Dortch and Davis, LLP; Edward M. Callaway; Michael David Gaines; Milton H. Hamilton; and Kim Monroe.

The Court issued an order on February 23, 2006 that, <u>inter alia</u>, declared that Powers was the sole plaintiff in this

---

[1] It is not clear whether this defendant is the same as the first-named defendant, NWA, Inc.

action; terminated James G. Blodgett, Jr. as a party; and directed Powers as follows:

> [T]he plaintiff is ORDERED, within thirty (30) days of the date of entry of this order, to submit an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. The amendment must be typed or hand printed on 8½ by 11 inch paper, one side to a sheet. The plaintiff must personally sign the amendment. Apart from the deficiencies that are addressed supra, the amendment must, at a minimum, identify each administrative proceeding that is being "removed" to federal court, including the subject-matter of each such proceeding and the parties involved. With respect to each additional claim asserted, the amended complaint must (I) identify the basis for federal jurisdiction; (ii) state the parties who are sued; (iii) identify any state or federal statute under which the claim arises; and (iv) provide a short and plain statement of the factual basis for the claim.
>
> A failure to timely file an amended complaint in response to this order will result in the dismissal of the complaint in its entirety and without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

(D.E. 15 at 11-12.)

Plaintiff did not timely comply with the February 23, 2006 order. Instead, on March 23, 2006 and March 29, 2006, Plaintiff flooded the Court with a barrage of documents that had been previously filed in other administrative and judicial proceedings, heavily annotated with Plaintiff's handwritten comments. The Court issued an order on April 7, 2006 observing that,

> in response to an order directing the plaintiff to set forth, in a coherent fashion, a 'short and plain statement' of the basis for the Court's subject-matter jurisdiction and the nature of each claim that is asserted against each defendant, the plaintiff has submitted twenty-four (24) additional documents, a total of 2685 pages, with no explanation for the reason for

these filings or the relevance the documents have to the
plaintiff's original complaint or the February 23, 2006
order.

(D.E. 46 at 2.) The Court granted Plaintiff an extension of time, until the close of business on April 27, 2006, to submit an amended complaint, and enjoined her from filing any additional documents from any administrative or judicial proceeding until the filing of the amended complaint. (Id. at 3-4.) The Court also imposed additional restrictions, with no time limitation, requiring Plaintiff to obtain prior leave of Court before filing any document from any other administrative or judicial proceeding. (Id. at 4.)

On April 7, 2006, the Court issued a second order reiterating that James G. Blodgett, Jr. is not a party to this action even if he personally signs documents filed in this case and cautioning Plaintiff as follows about the filing of repetitive motions:

> Blodgett and Powers have submitted three separate
> documents seeking reconsideration of the February 23,
> 2006 order concerning Blodgett, and two motions (D.E. 22
> and 35) are, largely, redundant. Powers and Blodgett are
> CAUTIONED that the submission of duplicative motions is
> not conducive to the efficient use of judicial resources,
> and they are directed to CEASE and DESIST from that
> practice. From this day forward, Powers and Blodgett may
> submit only <u>one</u> memorandum in support of any motion.
> Pursuant to Local Rule 7.2(e), that memorandum may not
> exceed twenty (20) pages in length.

(D.E. 47 at 8.)[2]

On April 13, 2006, the Court issued an order that, <u>inter alia</u>, denied Plaintiff's various motions for reconsideration and

---

[2] This portion of the order was directed to Blodgett as well as Powers because Blodgett was afforded the opportunity to file his own civil action within 30 days. (Id. at 7-8.) Blodgett did not do so.

4

set forth, at length, the reasons why the original complaint did not appear adequately to allege a claim over which the Court has subject-matter jurisdiction. (D.E. 48 at 6-16.)

As Blodgett did not file his own civil action, the Court issued an order on May 31, 2006 dismissing the complaint as to him. (D.E. 60.) That order also instructed the Clerk as follows:

> The Clerk is ORDERED not to accept for filing any document submitted by or on behalf of Blodgett other than a one-page notice of appeal that is personally signed by Blodgett. The Clerk is further ORDERED not to accept for filing any document submitted by plaintiff Powers that contains a case caption listing Blodgett as a party to this action.

(Id. at 4 (footnote omitted).)

The Court issued an order on August 22, 2006 that, inter alia, denied Plaintiff leave to file additional documents from other administrative and judicial proceedings (D.E. 68 at 2-3) and granted Plaintiff a final, thirty (30) day extension of time to file her amended complaint (id. at 3-4). The order further provided as follows:

> In the event the plaintiff fails to timely submit an amended complaint that complies with the Federal Rules of Civil Procedure, the Court will dismiss the action for lack of subject-matter jurisdiction and pursuant to Fed. R. Civ. P. 8(a)(1) & (2).
>
> The requirements for the amended complaint are set forth in the orders issued on February 23, 2006 (D.E. 15) and on April 13, 2006 (D.E. 48), which will not be repeated here. With the sole exception set forth infra, Powers' claims against each defendant must be contained in the text of the amended complaint and cannot be incorporated by reference to any other document. The plaintiff **must** attach, as exhibits to her amended complaint, copies of any administrative complaint that she seeks to remove to this Court.

> . . . The Clerk is directed not to accept for filing an amended complaint that purports to be brought by or on behalf of any person other than Powers, including, without limitation, Blodgett.

(Id. at 4-5 (footnote omitted; emphasis in original).)

The Court issued an order on September 22, 2006 that provided additional instructions to the Clerk concerning Plaintiff's filing restrictions:

> It appears that the Court has precluded Powers from filing a class action complaint but has, sub silentio, permitted the filing of motions on behalf of a class. As the instant motion purports to be brought on behalf of a class, and as the Court has held that pro se litigants may not prosecute class actions, the Clerk is ORDERED not to accept for filing any further documents submitted by Powers that purport to be brought by or on behalf of any person other than Powers.

(D.E. 72 at 2-3.)

Plaintiff's amended complaint was due September 25, 2006. On September 21, 2006, Plaintiff filed a document, entitled "Plaintiffs [sic] Partial Concerns & Objections to the Erroneous District Court Order Identified as 'DE 68', POSTMARKED August 23, 2006 with Plaintiffs [sic] *Accompanying Motions* for Reconsideration and Entry of an Amended Order, *Motion for Enlargement of Time* to Try to Adequately and Fully Address All the Erroneous and Confusing Contentions in this Erroneous District Court Order & Motion for Entry of Order of Clarification and Order Granting this Motion for an Enlargement of Time With Request for Hearing & Oral Argument; Motion for Mandatory Judicial Notice of Law and Adjudicative Facts Pursuant to Fed. R. Evidence, Rules 201(a)-(d), (e) (f), and Rule 1101(a)(b)(e)." (D.E. 71.) That document lists the plaintiffs as

6

"COLEEN L. POWERS, And Others Similarly Situated," and it is signed both by Plaintiff on her own behalf and, separately, on behalf of Blodgett, contrary to the instructions discussed supra. Exhibit B to that motion is a copy of an order issued by a U.S. Department of Labor Administrative Law Judge in an administrative proceeding filed by Plaintiff. (Id. at 21-31.) This attachment was filed in violation of the order issued on April 7, 2006. (D.E. 46 at 3-4.) Therefore, the Clerk is ORDERED to STRIKE D.E. 71 from the docket. All requests for relief in that motion are DENIED.

On September 25, 2006, in response to the order issued on August 22, 2006, Powers submitted to the Clerk numerous documents that were properly rejected because the case captions listed plaintiffs other than her. Plaintiff submitted these documents for a second time on October 13, 2006, and they were, again, properly rejected by the Clerk. These eleven (11) documents included an amended complaint that purported to be brought on behalf of "Coleen L. Powers, and others similarly situated; James G. Blodgett, Jr., et al." The Court's orders of May 31, 2006 (D.E. 60 at 4), August 22, 2006 (D.E. 68 at 5), and September 22, 2006 (D.E. 72 at 2-3) put Powers on clear notice that any document purporting to be submitted on behalf of anyone other than herself would not be accepted for filing. As Plaintiff has not complied with the Court's orders to submit an amended complaint, the Court DISMISSES the complaint in its entirety and with prejudice (with the sole exception of the claim addressed infra against the Secretary of Labor), pursuant to Fed. R. Civ. P. 12(b)(1) & (h)(3), Fed. R. Civ.

P. 8(a)(1) & (2), and 41(b). The Clerk is directed to terminate each and every defendant as a party to this action except for Secretary of Labor Elaine Chao.

In her original complaint, Powers purported to remove a complaint of discrimination she had filed with the Secretary of Labor on June 15, 2004 under the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A, and its regulations.[3] It appears that Plaintiff filed a copy of that complaint on March 23, 2006, although she did not bring that fact to the Court's attention at the time. (See D.E. 24 at 11-24.) This action will proceed on that claim only.

Within thirty (30) days of the date of entry of this order, Plaintiff shall personally appear at the Clerk's office and, upon presentation of a copy of this order, the Clerk shall provide Plaintiff three (3) blank, unsigned summonses for service on Defendant. Pursuant to Fed. R. Civ. P. 4(b), Plaintiff is responsible for properly filling out the summonses and presenting them to the Clerk for signature and seal. If the summonses are in proper form, the Clerk shall sign, seal, and issue them to Plaintiff for service on Defendant.

Powers is responsible for ensuring that service is effected on Defendant pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.[4] Plaintiff shall file proof of service

---

[3] The legal and procedural requirements for such claims are set forth in D.E. 48, pp. 6-8.

[4] Powers also must comply with Rule 4(c)(2), which requires, in part: "Service may be effected by any person who is not a party and who is at least 18 years of age."

8

pursuant to Fed. R. Civ. P. 4(*l*). Service on Defendant shall include (i) the complaint, filed June 30, 2005 (D.E. 1); (ii) the June 15, 2004 SOX complaint (D.E. 24 at 11-12); and (iii) this order.

It is further ORDERED that Powers shall serve a copy of every document filed in this cause on the attorneys for Defendant. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall also familiarize herself with the Federal Rules of Civil Procedure and this Court's local rules.

Powers shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

Plaintiff is advised that the time limit set forth in Fed. R. Civ. P. 4(m) shall commence running on the date of entry of this order.[5]

Finally, in light of the volume of documents and motions submitted by Plaintiff, and her demonstrated refusal to abide by previous Court orders, the Court REITERATES the restrictions on Plaintiff's filing privileges set forth in this order and imposes the following additional restrictions:

> 1. The Clerk is directed not to accept for filing any document submitted by Plaintiff that purports to be signed by or on behalf of any person other than Coleen L. Powers. Plaintiff will not be permitted to circumvent

---

[5] Plaintiff's motions for additional time to serve summonses (D.E. 74 & 75) are GRANTED only insofar as it relates to service on Defendant Chao. The remainder of the motions are DENIED as moot, as the complaint has been dismissed as to all other parties.

this Court's orders concerning the parties to this action by presenting a document with a proper caption that is signed by or on behalf of nonparties, including but not limited to Blodgett, or on behalf of a class.

    2. The Court will no longer address filings that purport to list Plaintiff's "concerns and objections" to its orders. The Court will assume, even if the absence of a filing by Plaintiff, that she disagrees with numerous statements in every order issued. Considerations of judicial economy preclude the Court from engaging these matters.

    3. The Court will not consider, or review, any document submitted that bears Plaintiff's handwritten comments. Any argument Plaintiff makes **must** be set forth only in a typewritten motion, response to a motion, or a pleading. The length of all briefs must comply with the Court's Local Rules.

    4. Plaintiff may not circumvent the page limitations set forth in the Local Rules by incorporating by reference documents that have previously been filed.

    5. All documents submitted by Plaintiff must be served on Defendant Chao and filed with the Clerk. This judge does not require, and does not want, courtesy copies of any filing. Pursuant to Fed. R. Civ. P. 5(d)(2)(B), Plaintiff is notified that the Court does not agree to accept for filing any document delivered to chambers.

    6. Plaintiff is cautioned that <u>ex parte</u> communications with judges and Court employees are improper. (<u>See</u> Local Rule 83.5.)

The Clerk is directed not to accept for filing any document submitted by Plaintiff in violation of these restrictions. Plaintiff is CAUTIONED that violations of these restrictions, and the restrictions set forth in previous orders, may result in sanctions, including but not limited to the dismissal of this action with prejudice.

Defendant is advised that the time for responding to any motion filed by Plaintiff will commence to run on the date the

motion is entered on the docket, rather than the dates of service or filing.

   IT IS SO ORDERED this 28th day of February, 2008.

               <u>s/ J. DANIEL BREEN   </u>
               UNITED STATES DISTRICT JUDGE