IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

COLEEN L. POWERS,

    Plaintiff,

vs.                                  No. 05-2468-B/P

NWA, INC., et al.,

    Defendants.

---

ORDER PARTIALLY VACATING FEBRUARY 28, 2008 ORDER
ORDER DISMISSING COMPLAINT AS TO DEFENDANT CHAO
ORDER REINSTATING PINNACLE AIRLINES, INC.
ORDER DIRECTING PLAINTIFF TO EFFECT SERVICE ON PINNACLE
AND
ORDER IMPOSING ADDITIONAL RESTRICTIONS ON
PLAINTIFF'S FILING PRIVILEGES

---

On February 28, 2008, the Court issued an order that, inter alia, dismissed the complaint with prejudice as to all defendants with the sole exception of a claim of discrimination under the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A, that had been filed with the Secretary of Labor on June 15, 2004. (Docket Entry ("D.E.") 76 at 8.) The February 28, 2008 order erroneously stated that that claim was brought against Elaine Chao, the Secretary of the U.S. Department of Labor. Although the complaint was filed with the Secretary of Labor, the proper defendant or defendants in this case are those defendants named in the June 15, 2004 complaint that can properly be sued under SOX. See 29 C.F.R. 1980.114(a). The Court therefore VACATES that portion of the

February 28, 2008 order that directs the Clerk to issue summonses for service on Defendant Chao and DISMISSES the complaint with prejudice as to Defendant Chao, pursuant to Fed. R. Civ. P. 41(b), for the reasons stated in the February 28, 2008 order.

SOX provides a federal cause of action for employees of publicly traded companies who have been retaliated against for acting as "whistleblowers" with respect to certain types of financial fraud. In particular, the following acts are prohibited:

> (a) No company or company representative may discharge, demote, suspend, threaten, harass or in any other manner discriminate against any employee with respect to the employee's compensation, terms, conditions, or privileges of employment because the employee, or any person acting pursuant to the employee's request, has engaged in any of the activities specified in paragraphs (b)(1) and (2) of this section.
>
> (b) An employee is protected against discrimination (as described in paragraph (a) of this section) by a company or company representative for any lawful act:
>
>> (1) To provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of 18 U.S.C. 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to or the investigation is conducted by—
>>
>>> (i) A federal regulatory or law enforcement agency;
>>>
>>> (ii) Any Member of Congress or any committee of Congress; or
>>>
>>> (iii) A person with supervisory authority over the employee (or such other person working for the employer who has the authority to investigate, discovery, or terminate misconduct); or

> (2) To file, cause to be filed, testify, participate in, or otherwise assist in a proceeding filed or about to be filed (with any knowledge of the employer) relating to an alleged violation of 18 U.S.C. 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders.

29 C.F.R. § 1980.102. "Company" is defined as "any company with a class of securities registered under section 12 of the Securities and Exchange Act of 1934 (15 U.S.C. 78l) and any company required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78o(d))." Id., § 1980.101. A "company representative" is "any officer, employee, contractor, subcontractor, or agent of a company." Id.

The Court must consider which of the numerous individuals and entities named in Plaintiff's June 15, 2004 SOX complaint (D.E. 24 at 11-22) is a proper defendant in this case. As a preliminary matter, the Court notes that this complaint is not limited to violations of SOX. Instead, the majority of the pleading sets forth allegations of violations of regulations issued pursuant to the Federal Aviation Act ("FAA"). Those matters are not before this Court, which is considering only the SOX claim filed on June 15, 2004.

The June 15, 2004 complaint alleges that Plaintiff is employed by Pinnacle Airlines, Inc. ("Pinnacle"), a publicly traded company. (D.E. 24 at 12.) Therefore, Plaintiff's June 15, 2004 SOX

complaint will proceed as to Pinnacle.[1] The Court therefore VACATES the February 28, 2008 order insofar as it dismisses the complaint against Pinnacle, and MODIFIES the order to authorize the Clerk to provide one (1) summons to Plaintiff for service on Pinnacle. **THIS ORDER DOES NOT ALTER THE TIME FOR EFFECTING SERVICE, WHICH WAS STATED IN THE FEBRUARY 28, 2008 ORDER.**

It is also necessary briefly to address one additional matter. The February 28, 2008 order imposed certain restrictions on Plaintiff's filing privileges, including the following:

> 1. The Clerk is directed not to accept for filing any document submitted by Plaintiff that purports to be signed by or on behalf of any person other than Coleen L. Powers. Plaintiff will not be permitted to circumvent this Court's orders concerning the parties to this action by presenting a document with a proper caption that is signed by or on behalf of nonparties, including but not limited to Blodgett, or on behalf of a class;
>
> . . . .
>
> 5. All documents submitted by Plaintiff must be served on Defendant Chao and filed with the Clerk. This judge does not require, and does not want, courtesy copies of any filing. Pursuant to Fed. R. Civ. P. 5(d)(2)(B), Plaintiff is notified that the Court does not agree to accept for filing any document delivered to chambers.
>
> 6. Plaintiff is cautioned that _ex parte_ communications with judges and Court employees is improper. (See Local Rule 83.5.)

---

[1] The Court is aware that a SOX complaint may name a company representative as a party. 29 C.F.R. §§ 1980.101 (defining "named person"); 1980.103(a). In this case, it is not clear that any of the individuals named in the complaint is properly named as an additional defendant. The only company representatives who are alleged to have retaliated against Powers are employed by Pinnacle, and the relief potentially available to Powers would appear to be against Pinnacle. Id., §§ 1980.105(a)(1), 1980.109(b).

4

(D.E. 76 at 9-10.) The restrictions in ¶ 5 were imposed because Plaintiff, in a clear attempt to circumvent previous filing restrictions, has submitted to chambers hard copies of documents that were rejected by the Clerk and hard copies of documents that were never submitted to the Clerk for filing.

In a letter dated February 19, 2008, a Court employee asked Plaintiff to cease and desist from submitting papers to chambers and further stated as follows:

> The material you have submitted it is not being returned to you because it is too voluminous to mail. We will dispose of these materials after thirty (30) days from the date of this letter unless you call the Clerk's office to arrange to pick up the materials. Please provide twenty-four (24) hours notice so that we can arrange to have the materials at the front desk.

On March 9, 2008, Plaintiff sent a personal emailed motion to this judge's ECF ("electronic case filing") mailbox, along with various attachments. On March 12, 2008, Plaintiff scanned a ninety-six (96) page document in the Clerk's office, consisting of a motion, proposed order, and various attachments. The substance of the email message to this judge is not contained in the material submitted to the Clerk, which was properly rejected. The text of the email sent to this judge's ECF mailbox is not reproduced in the submitted motions and constitutes an improper <u>ex parte</u> communication. In Plaintiff's motion, which she requested be filed under seal, she asks that the documents submitted to chambers, **which were either rejected by the Clerk or never submitted for filing**, nonetheless be retained under seal. Plaintiff submitted a proposed order that directs the Clerk, in pertinent part, to "retain all documents and

5

papers every scanned by Plaintiff Powers as well as all papers and documents Plaintiff powers delivered to Chambers as a matter of law and in full statutory compliance with 18 USC 2071(a)(b)." The caption to Plaintiff's motion contains a footnote objecting, at length, to the restrictions imposed at ¶ 1 of the February 28, 2008 order.

The submission of a ninety-six (96) page motion in response to a request that Plaintiff retrieve copies of documents that were not filed in this case is an abuse of the judicial process. Contrary to Plaintiff's suggestion, 18 U.S.C. § 2071(a) does not impose on the Clerk an obligation to accept, and forever preserve, documents that were not properly filed in this matter. In rejecting the various documents submitted by Plaintiff, the Clerk was acting pursuant to orders of the Court. The disposition of the chambers copies of various unfiled documents was made at the Court's request. If Plaintiff objects to the "destruction" of these documents, she can retrieve them by following the instructions in the letter within the time specified. The motion is DENIED.

It also appears that the restrictions imposed in the February 28, 2008 order are insufficient to ensure the orderly process of this litigation. The Court therefore imposes the following additional restrictions on Plaintiff's filing privileges:

> 7. All documents submitted by Plaintiff in this litigation must be submitted **only** to the Clerk. Pursuant to § 3.3 of this district's ECF Policies and Procedures, pro se litigants may not use electronic case filing. A personal email message also constitutes an improper ex parte communication. Plaintiff may not submit documents by email, either directly to this judge or to the Court's

ECF mailbox, and may not communicate with this judge by email.

      8. This case, which asserts a SOX claim against Pinnacle contained in the June 15, 2004 administrative complaint, does not appear to require that any document submitted by Plaintiff be filed under seal. The Clerk is directed not to accept for filing any document submitted by Plaintiff that contains a request that it be filed under seal.[2]

      9. Powers' objection to being named the sole plaintiff in this action is noted. It is unnecessary to revisit this objection with each filing. Plaintiff is advised that any further documents submitted for filing that reiterate that objection will not be filed. Any document filed in error will be stricken.

The Clerk is directed not to accept for filing any document submitted by Plaintiff in violation of these restrictions. Plaintiff is CAUTIONED that violations of these restrictions, and the restrictions set forth in previous orders, may result in sanctions, including but not limited to the dismissal of this action with prejudice.

Pinnacle is advised that the time for responding to any motion filed by Plaintiff will commence to run on the date the motion is entered on the docket, rather than the dates of service or filing.

In the February 28, 2008 order, Plaintiff was advised that she had thirty (30) days to obtain a summons (D.E. 76 at 8) and that the time limit set forth in Feb. R. Civ. P. 4(m) commenced

---

[2] The Court may revisit the restriction if discovery is taken and Plaintiff has a need to file an exhibit to a motion that contains her own sensitive medical or financial information.

to run on February 28, 2008. This order does not extend either of those time limits.

IT IS SO ORDERED this 14th day of March, 2008.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE