IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| COLEEN L. POWERS, | |
| Plaintiff, | |
| vs. | No. 05-2468-B/P |
| NWA, INC., et al., | |
| Defendants. | |

---

ORDER DENYING IRREGULAR MOTIONS
AND
ORDER IMPOSING ADDITIONAL RESTRICTIONS
ON PLAINTIFF'S FILING PRIVILEGES

---

Plaintiff Coleen L. Powers filed two motions on April 8, 2008. The first motion is entitled "Pro Se Plaintiff Powers' 1) Motion for Entry of Court Order to Direct the Clerk to File Pro Se Plaintiff Powers Good Faith, Timely Filed Sept. 24, 2006, 5th Amendment & Supplemental Pleading (and attached exhibits designated as 'D', 'E', 'F', 'G', 'H', and Collective Exhibit 'I' (in three parts, I II, III)) Nunc Pro Tunc as a Matter of Substantive of Substantive Due Process and Because Justice So Requires and 2) Pro Se Plaintiff Powers Accompanying Motion for Leave of Court to File a 9th Amendment & Supplemental Pleading Because Justice So Requires." (Docket Entry ("D.E.") 88).) Although the motion is extremely unclear, it appears that Plaintiff seeks, once again, an order directing the Clerk to file the proposed amended complaint submitted by Plaintiff on September 25, 2006, in response to the

Court's order directing her to file an amended complaint, that was rejected by the Clerk because it purported to be brought on behalf of persons other than Powers, in defiance of orders previously issued. The March 25, 2008 order makes clear that Plaintiff may not refile the claims that were dismissed with prejudice in the order issued on February 28, 2008 because "Plaintiff's submission of a proposed amended complaint on September 25, 2006 on behalf of Blodgett and a putative class was willful and done in bad faith." (D.E. 82 at 5.) Permitting Plaintiff to amend her complaint to reassert claims that have been dismissed because of her willful and deliberate failure to comply with a court order would undermine the Court's ability to manage its docket and ensure compliance with its orders.[1] The motion is DENIED. The only claim remaining in this

---

[1] Plaintiff argues that she should be permitted to litigate the other SOX proceedings she contends she removed to federal court, but she did not comply with the Court's order to file an amended complaint that attached copies of those administrative complaints. The Court has allowed Plaintiff to pursue the one remaining removed administrative complaint only because a copy of that complaint was previously submitted. If that complaint had not been already in the record, and if Plaintiff had not pointed out that fact, the entire action would have been dismissed when Plaintiff's proposed amended complaint was rejected on or about September 25, 2006.

Plaintiff's request for clarification as to the reason why Defendant Chao was dismissed and Pinnacle Airlines, Inc. substituted as a party (D.E. 88 at 5 n.2A) is unnecessary, as the explanation is provided on the first page of the March 14, 2008 order. (D.E. 81 at 1.) Plaintiff's statement that she "was physically in the Clerk's office on March 14, 2008 and overheard staff asking other staff if there was any word from the AGO" (D.E. 88 at 5 n.2A) is incomprehensible and, to the extent it suggests any improper conduct by any other party, is false. The February 28, 2008 order contained a legal error as to the proper party to a SOX claim, which was promptly corrected.

In this motion, Plaintiff continues to press claims on behalf of James G. Blodgett, Jr., claiming, now, not to understand whether the Court "has prohibited pro se Plaintiff James G. Blodgett, Jr. from forever re-joining and if so, when and where is that clear district court prohibition and on what legal ground." (D.E. 88 at 5 n.2.) In the order issued on April 7, 2006, the Court stated that, "[e]ven if Blodgett were personally to sign each and every document filed by him, the Court still would not permit him to continue as a party to <u>this</u>
(continued...)

action is the SOX claim against Pinnacle Airlines, Inc. The Court will not grant leave to amend to assert any additional claims against Pinnacle Airlines, Inc. or any other person or entity.

The second document filed by Plaintiff on April 8, 2008 is entitled "Pro se Plaintiff Powers' NOTICE OF GOOD FAITH, DILIGENT FILING 1) Manually AMENDED Caption and Signature Pages to the Sept. 25, 2006, 5th Amendment & Supplemental Pleading to the June 30, 2005 *Consolidated Complaint of Illegal Employment Discrimination and Notice of Removal to Federal Court*", and the October 13, 2006 motions and papers scanned-in and filed with the Clerk pursuant to Rule 11 and the district court's confusing March 25, 2008 "ORDER OF CLARIFICATION..." (D.E. 82)[; and] 2) Pro Se Plaintiff Powers' Motion for Court to AMEND CAPTION OF SUMMONS Re-Issued By Clerk on March 27, 2008." (D.E. 87.) To the extent Plaintiff seeks leave to file papers that were rejected by the Clerk on September 25, 2006 and October 13, 2006, her motion is DENIED for the reasons previously stated. No further amendments to the complaint will be permitted. To the extent that Plaintiff, by seeking an amendment to the caption of the summons, seeks to have parties reinstated who were dismissed by orders issued on February 28, 2008 and March 14, 2008, her motion is DENIED.

---

[1] (...continued)
lawsuit." (D.E. 47 at 4 (emphasis in original); see also id. at 5 ("Even if Blodgett were to file an amended complaint that cured those deficiencies, the Court will require that it be filed as a separate civil action.").) Despite that order, Plaintiff continues to raise the issue, and to profess ignorance that it has already been decided, two years later.

The numerous, repetitive motions filed, or attempted to be filed, by Plaintiff since the issuance of the February 28, 2008 order makes clear that the restrictions imposed to date are insufficient to ensure the orderly progress of this litigation. The Court therefore imposes the following additional restrictions on Plaintiff's filing privileges:

10. The Clerk is directed not to file any document submitted by Plaintiff that identifies her as a <u>qui</u> <u>tam</u> plaintiff. This is not a <u>qui</u> <u>tam</u> action on behalf of the United States.[2]

11. Court staff will not be required to assume the burden of affixing new cover pages to documents that have been rejected so that Plaintiff can resubmit them. All documents submitted for filing must be complete.

Plaintiff is NOTIFIED that the Court cannot and will not consider multiple, redundant motions concerning matters that have already been ruled upon. The decisions to dismiss the various claims with prejudice, to deny leave to amend, to dismiss any claims asserted by James G. Blodgett, Jr., and to dismiss all claims brought on behalf of a class, are final and will no longer be revisited. It is not fair to Defendant or to the other litigants with cases pending before this Court to devote further resources to this matter. Until Defendant has been served and the time to respond has expired, Plaintiff is ORDERED to make no further filings in this matter. Any papers submitted in violation of this

---

[2] Plaintiff sought to assert a <u>qui</u> <u>tam</u> claim in one of the proposed amendments submitted after September 25, 2006 that was not filed by the Clerk for reasons discussed at length in previous orders. The Court has not given Plaintiff leave to amend her complaint to assert a claim on behalf of the United States pursuant to the False Claims Act, 31 U.S.C. § 3729 <u>et</u> <u>seq.</u>

4

order will result in dismissal of the remainder of the complaint with prejudice, pursuant to Fed. R. Civ. P. 41(b).

IT IS SO ORDERED this 16th day of April, 2008.

<pre>
                             s/ J. DANIEL BREEN
                             UNITED STATES DISTRICT JUDGE
</pre>